```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

HARESHKUMAR PATEL,               :
                                 :
    Plaintiff,                   :     NO. 1:07-CV-00792
                                 :
    vs.                          :
                                 :     **OPINION AND ORDER**
MARK HANSEN, et al.              :
                                 :
    Defendants.                  :

        This matter is before the Court on Defendants' Motion to Remand Matter to Defendant United States Citizenship and Immigration Service ("USCIS") (doc. 3). Plaintiff did not file a response to this motion. For the reasons stated herein, the Court GRANTS Defendants' Motion.

**I. Background**

        According to his Complaint, Plaintiff Hareshkumar Patel, a lawful permanent resident of the United States, applied to become a naturalized United States citizen on March 24, 2005 (doc. 1). On September 2, 2005, Plaintiff was interviewed on his naturalization application at the Cincinnati, Ohio office of USCIS, and was at that time notified that his application had been recommended for approval (Id.). Although Plaintiff requested a status of his case and a final adjudication on several occasions, USCIS informed him that they could not make a final determination on Plaintiff's application because the required Federal Bureau of Investigation ("FBI") background check had not yet been completed (Id.). To

date, more than two years after his interview, Plaintiff has not received a final decision on his application to become a naturalized U.S. citizen (Id.).

Plaintiff filed this action on September 25, 2007, seeking naturalization pursuant to 8 U.S.C. § 1447(b) (Id.). Plaintiff argues that the Court has exclusive jurisdiction to make a determination on his application, as it has been more than 120 days since his naturalization interview by USCIS (Id.).

Defendants filed the instant Motion to Remand on November 27, 2007 (doc. 3). Recognizing the Court's ruling in Musaad v. Mueller, 1:07-CV-149 (S.D. Ohio, October 16, 2007), *motion to amend judgment denied* (January 10, 2007), Defendants do not argue that the Court lacks the jurisdiction to consider this matter, but instead ask that the Court remand this matter to the USCIS, consistent with the Court's order in Musaad (doc. 3).

**II. Discussion**

Pursuant to 8 U.S.C § 1447(b), a district court has jurisdiction to review an application for naturalization when "there is a failure to make a determination...before the end of the 120-day period after the date on which the examination is conducted." As Defendant notes, this Court previously held "that the term 'examination' in Section 1447(b) refers to the naturalization interview, not the entire process including background checks" and thus "the 120-day period commences after the

discrete event of the agency's interview of an applicant." <u>Musaad</u>, 1:07-CV-149, (citing <u>Walji v. Gonzales</u>, No. 06-20937, 2007 U.S. Dist. LEXIS 22101 *1 (5th Cir. September 14, 2007)). Plaintiff was interviewed by USCIS on September 2, 2005, and did not commence this action until September 25, 2007, over two years after his initial examination (doc. 1). Such filing is well beyond the 120 days specified by statute, and this Court therefore has jurisdiction over Plaintiff's naturalization application.

The same section of the U.S. Code that grants this Court jurisdiction to consider Plaintiff's claim leaves the question of how best to proceed within the court's discretion. A district court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Almost without exception, courts have elected to remand similar questions to the USCIS. <u>Manzoor v. Chertoff</u>, 472 F.Supp.2d 801 (E.D. Va. 2007) (collecting cases). Generally, when statutes place primary responsibility for a decision in agency hands, courts should remand to that agency when possible. <u>Immigration & Naturalization Service v. Ventura</u>, 537 U.S. 12 (2002).

As this Court previously held:

> A district court is ill-suited to deciding a naturalization petition; it does not have the resources or experience to properly evaluate the multitude of individual factors that must be considered. This is especially true of the criminal background check. The FBI has extensive resources and personnel devoted to this

> very task; this Court does not.  Determining this matter
> without the "definitive results" of the criminal
> background check would be to undermine Congressional
> intent, which requires the check to be completed before
> any funds may be allocated to determining a
> naturalization petition."

Musaad, 1:07-CV-149. (citing Dep't's of Comm., Justice, and State, the Judiciary and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, Title I, 111 Stat. 2440, 2448 (1997)).  For these reasons, the Court finds it proper to remand this matter to USCIS.

In remanding this matter, the Court instructs the USCIS to process Plaintiff's application as expeditiously as practical once the results of the background check are received.  Should such processing surpass 120 days, this case would be in a different posture, and the Court could very well find it appropriate to "determine the matter" under Section 1447(b).

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' Motion (doc. 3), and REMANDS this matter to U.S. Citizenship and Immigration Services, with instructions to act as expeditiously as is practical once the results of Plaintiff's background check are received.

SO ORDERED.


Dated: January 11, 2008        s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge